FILED & ENTERED

OCT 25 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>NORA MAGDALENA LAVIE,<br><br>  Alleged Debtor. | Case No. 2:19-bk-19679-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING WITHOUT PREJUDICE INVOLUNTARY CHAPTER 7 PETITION WITH LEAVE TO PETITIONING CREDITOR TO FILE AND SERVE AN AMENDED PETITION WITHIN 14 DAYS OF THE DATE OF ENTRY OF THIS DECISION AND ORDER**<br><br>Date:      October 23, 2019<br>Time:     11:30 a.m.<br>Place:    Courtroom 1675<br>            Roybal Federal Building<br>            255 East Temple Street<br>            Los Angeles, CA 90012 |

  This involuntary bankruptcy case under Chapter 7 of the Bankruptcy Code, 11 U.S.C., came on for hearing on October 23, 2019 before the undersigned United States Bankruptcy Judge for a status conference on the involuntary bankruptcy petition filed by Petitioning Creditor Michael Z. Lavie ("Petitioning Creditor"). Petitioning Creditor and Alleged Debtor Nora Magdalena Lavie ("Alleged Debtor") appeared at the status

-1-

conference in this involuntary bankruptcy case on October 23, 2019.  Petitioning Creditor and Alleged Debtor are former spouses as indicated in the pleadings, and Alleged Debtor stated that her preferred name is Nora Magdalena Ibarra.  No other appearances were made.

On August 19, 2019, Petitioning Creditor commenced this bankruptcy case by filing an involuntary bankruptcy petition against Alleged Debtor under Chapter 7 of the Bankruptcy Code (Docket No. 1).  In the petition, Petitioning Creditor alleged that the grounds for relief are that within 120 days before the filing of the petition, a custodian, other than a trustee, receiver, or agent appointed to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.  Petition, Docket No. 1, at 3; *see also,* 11 U.S.C. § 303(h)(2).  Petitioning Creditor made this allegation in the Petition by checking a box on the form petition that these grounds were the basis for relief in this case.  *Id.*  On September 4, 2019, Alleged Debtor filed a written opposition to the petition (Docket No. 11).

At the status conference on October 23, 2019, [1] Petitioning Creditor admitted that this allegation was incorrect in that there is no such custodian who has been appointed or took possession of substantially all of the property of the debtor.  Petitioning Creditor stated that another person prepared the petition for him and that it was this other person who made the error of making this allegation by checking off the box that the appointment of a custodian or that a custodian took possession of the debtor's assets was the basis for relief in the petition.

Because the alleged basis for relief in the involuntary bankruptcy petition under 11 U.S.C. § 303(h)(2) that a custodian was appointed or took possession of substantially all of the debtor assets is erroneous, the court on its own motion pursuant

---

[1] The status conference in this involuntary bankruptcy case was originally scheduled for October 1, 2019, but was continued to October 23, 2019 by a prior order granting the motion of Petitioning Creditor for continuance (Docket No. 12, filed on September 24, 2019, and Docket No. 13, filed and entered on September 25, 2019).

to 11 U.S.C. § 105(a) and Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 1011 and 1013 denies and dismisses the petition without prejudice, but grants leave to Petitioning Creditor to file and serve an amended petition within 14 days of the date of entry of this order pursuant to Federal Rule of Civil Procedure 15(a)(2) and Federal Rules of Bankruptcy Procedure 7015 and 9014.

The court on its own motion dismisses the involuntary petition with leave to amend, relying upon 11 U.S.C. § 105(a), and not on 11 U.S.C. § 303(j), which specifically relates to dismissals of involuntary bankruptcy petitions.  As noted in *Collier on Bankruptcy*, 11 U.S.C. §303(j) is not the only statutory provision for dismissal of an involuntary bankruptcy petition as "[i]t has been held that an involuntary petition may be dismissed under [11 U.S.C.] section 707(a) or 1112.  2 Levin and Sommer, *Collier on Bankruptcy*, ¶ 303.35 at 303-120 (16th ed. 2019), *citing*, Wilk Auslander LLP v. Murray *(In re Murray)*, 565 B.R. 527 (S.D.N.Y. 2017).  In *In re Murray,* the district court affirmed the bankruptcy court's dismissal of an involuntary Chapter 7 bankruptcy case "for cause" under 11 U.S.C. § 707(a), holding that based on an analysis of the statutory language of 11 U.S.C. §§303 and 707(a) and applicable case law, § 303 is not the only basis for dismissal of an involuntary Chapter 7 bankruptcy case as dismissal "for cause" under § 707(a) is not limited to voluntary Chapter 7 bankruptcy cases because there is no distinction between voluntary and involuntary Chapter 7 bankruptcy cases in that statutory provision.  565 B.R. at 531-532, *citing and quoting inter alia, In re MacFarlane Webster Associates,* 121 B.R. 694, 696 (Bankr. S.D.N.Y. 1990) ("The wording of the statute [11 U.S.C. § 707(a)] indicates that it covers both voluntary and involuntary cases, *compare* §707(a) *with*  §707(a)(3).").  While the court also does not rely upon 11 U.S.C. § 707(a) as an alternative statutory basis for dismissal applicable to Chapter 7 bankruptcy cases here (or 11 U.S.C. § 1112 applicable to Chapter 11 bankruptcy cases), the court cites *In re Murray* as supporting the proposition that 11 U.S.C. § 303(j) is not the sole statutory basis for dismissal of an involuntary Chapter 7 bankruptcy case.  Moreover, this is also shown in the statutory language of 11 U.S.C. § 303(j) which

states: "Only after notice to all creditors and a hearing may the court dismiss a petition filed under this section—(1) on the motion of a petitioner; (2) on consent of all petitioners and the debtor; or (3) for want of prosecution." That is, nothing in this statutory language indicates that 11 U.S.C. § 303(j) is the exclusive statutory basis for dismissal of an involuntary Chapter 7 bankruptcy case or that it applies to dismissal of an involuntary Chapter 7 bankruptcy case on the court's own motion.

Dismissal of an involuntary bankruptcy case pursuant to 11 U.S.C. §§ 303(j), 707(a) and 1112 require notice to all creditors and a hearing, but dismissal here on the court's own motion is pursuant to 11 U.S.C. § 105(a) without notice to all creditors and without a hearing after such notice. *See, In re Davis,* 278 B.R. 429 (Bankr. W.D. Mich. 2002) (holding that an involuntary Chapter 7 bankruptcy case brought by a criminal defendant against the prosecutor and the judge in the criminal case for purposes of harassment was an abuse of process and dismissal by the court *sua sponte* (on its own motion) was appropriate and proper under 11 U.S.C. § 105(a)).

11 U.S.C. §105(a) states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party shall be construed to preclude the court from, sua sponte, taking any action or making the determination necessary or appropriate to enforce or implement courts orders or rules, or to prevent an abuse of process.

In the case now pending before the court, the court determines that dismissing the petition on its own motion is necessary and appropriate pursuant to 11 U.S.C. § 105(a) to carry out the provisions of the Bankruptcy Code, namely, 11 U.S.C. § 303, because the petition as currently pleaded is defective based on the admissions of Petitioning Creditor that an erroneous basis for relief is pleaded and thus, the involuntary case cannot go forward to a determination of the issues of a contested involuntary petition as to whether an order for relief should be entered at the earliest practicable date as contemplated by Federal Rule of Bankruptcy Procedure 1013(a). Petitioning Creditor must amend the petition and allege a proper basis for relief in order

for the involuntary case to put Alleged Debtor on "fair notice" of his claim in order for the case to proceed. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (a pleading must give "fair notice" of the claim being asserted and the "grounds upon which it rests") (citation omitted). Thus, the court denies the petition as incorrectly pleaded and gives an opportunity for the Petitioning Creditor to amend his pleading in order for the case to go forward as the court having reviewed the petition determines that it does not give fair notice of a proper claim for relief under 11 U.S.C. § 303. The court further determines that there is no need to give notice to all creditors with a hearing thereafter where Petitioning Creditor has admitted on the record that the petition is incorrectly pleaded.

      In sum, in order for the court to fulfill its responsibility that the issues in this involuntary bankruptcy case regarding whether an order for relief should be entered are determined at the earliest practicable date as required by Federal Rule of Bankruptcy Procedure 1013(a), the court relies upon its statutory authority under 11 U.S.C. § 105(a) in carrying out its administration of this involuntary bankruptcy case under 11 U.S.C. § 303. There is no prejudice to other parties by dismissal of the petition on this basis because Petitioning Creditor is given leave to amend and remedy his defective pleading, and because any other creditors are unaffected as the petition would have been otherwise denied and dismissed at a merits hearing whether an order for relief should be entered based on Petitioning Creditor's admission that the petition is incorrectly pleaded under 11 U.S.C. § 303.

      The court grants leave to Petitioning Creditor to amend the petition because he stated at the status conference that he could allege a proper basis for relief in an amended petition and the court should freely give leave to amend when justice so requires pursuant to Federal Rule of Civil Procedure 15(a)(2). However, if Petitioning Creditor does not file and serve an amended petition within 14 days of the date of entry of this order, the court orders that this involuntary bankruptcy case is dismissed without prejudice. Although Petitioning Creditor requested more time to amend his petition at

the status conference, the court orally denied his request because the time period of 14 days is ample for Petitioning Creditor to amend his petition because if he now knows that the petition was incorrectly pleaded, he knew that at the time when he filed his petition how it should been correctly pleaded and he should know now how to correctly plead his claim for relief.

For the foregoing reasons, the court on its own motion denies and dismisses the petition without prejudice, but grants leave to Petitioning Creditor to file and serve an amended petition within 14 days of the date of entry of this order, and if Petitioning Creditor does not file and serve an amended petition within 14 days of the date of entry of this order, the court orders that this involuntary bankruptcy case is dismissed without prejudice.

IT IS SO ORDERED.

###

Date: October 25, 2019

_____
Robert Kwan
United States Bankruptcy Judge