

**FILED & ENTERED**

**NOV 08 2019**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum    **DEPUTY CLERK**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>NORA MAGDALENA LAVIE,<br><br>　　　　　　Alleged Debtor. | Case No. 2:19-bk-19679-RK<br><br>Chapter 7<br><br>**ORDER DENYING PETITIONING CREDITOR'S "REQUEST FOR TIME" TO FILE AND SERVE AMENDED INVOLUNTARY CHAPTER 11 PETITION** |

　　　　Pending before the court is the "Request for Time" of Petitioning Creditor Michael Z. Lavie, filed on November 7, 2019, which requests the court to extend time for him to file and serve an amended involuntary bankruptcy petition, for which the deadline was November 8, 2019, 14 days after the date of entry of the order dismissing the involuntary petition on October 25, 2019.  The Request for Time is a motion within the meaning of Federal Rule of Bankruptcy Procedure 9013 because it is a request for an order that the court modifies its prior order that Petitioning Creditor has 14 days to amend his petition and relates to the contested matter of the involuntary bankruptcy petition that he filed against Alleged Debtor as she opposed the petition within the meaning of Federal Rule of Bankruptcy Procedure 9014.

　　　　The court in its order of October 25, 2019 determined that at the hearing in this

case on October 23, 2019, Petitioning Creditor admittedly pleaded an incorrect basis for relief in his involuntary bankruptcy petition, dismissed the petition, but granting leave to Petitioning Creditor to file and serve an amended petition with the correct basis for relief.  At the hearing before the court in this case on October 23, 2019, the court specifically denied Petitioning Creditor's request to have more than 14 days time to amend the petition.

There is no proof of service of the Request for Time on the opposing party, Alleged Debtor Nora Magdalena Ibarra, formerly Lavie, and thus, it appears that Petitioning Creditor has not served her with the Request for Time.  As a matter of due process, Petitioning Creditor should have served the Request for Time on Alleged Debtor because it adversely affects her as he is seeking to keep the involuntary bankruptcy case open against her by the relief sought in the Request for Time.  Federal Rules of Bankruptcy Procedure 9013 and 9014 (requiring notice and opportunity for hearing on parties against whom relief is sought).

Cause must be shown pursuant to Federal Rule of Bankruptcy Procedure 9006(a) in order for the court to extend time to file and serve an amended petition as previously ordered.   The grounds stated in the Request for Time are that he wants more time "to save my house," that is, he wants the court to keep the involuntary bankruptcy case in place so that the automatic stay in this case stops a foreclosure by the lender on the property where he resides, but title is in the name of Alleged Debtor, who apparently refuses to sign over the property to him despite a family law court order. In his Request for Time, Petitioning Creditor said that he and Alleged Debtor appeared in family law court on October 24, 2019, but the family law court did not order Alleged Debtor to sign over title to the property.  Petitioning Creditor said that he has been approved for a reverse mortgage on the property, but apparently wants this court to extend his time to file and serve an amended petition to keep this case open and have the automatic stay in place to forestall any foreclosure by the lender.

Petitioning Creditor does not explain why he has been unable to file and serve an amended petition with the 14 days as ordered, why he needs additional time to file and serve an amended petition and when he can reasonably file and serve an amended petition. The reason for the Request for Time is only about his being able to stop a foreclosure by a third-party lender, and is not about having a good reason to excuse him from not amending his petition by pleading a correct basis for relief in this involuntary bankruptcy case on time, and thus, the court cannot find good cause for the extension of time to amend under Federal Rule of Bankruptcy Procedure 9006(a).

Accordingly, for lack of good cause and for lack of service on the opposing party within the meaning of Federal Rules of Bankruptcy Procedure 9006(a), 9013 and 9014, the court denies the Request for Time of Petitioning Creditor.

IT IS SO ORDERED.                    ###

Date: November 8, 2019

_____
Robert Kwan
United States Bankruptcy Judge